**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James A. Sellers, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-001519

———————————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————————

Unpublished Opinion No. 2016-UP-281
Submitted March 1, 2016 – Filed June 8, 2016

———————————

**AFFIRMED**

———————————

James A. Sellers, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, for Respondent.

———————————

**PER CURIAM:** James Sellers appeals the order of the administrative law court (ALC) affirming the decision of the South Carolina Department of Corrections (the Department) denying him eligibility for sentence-reduction credits for his conviction for accessory before the fact to murder because the trial court did not

sentence him to the mandatory minimum of thirty years' imprisonment. We affirm.[1]

A jury convicted Sellers in August 1997 of accessory before the fact to murder and trafficking in crank. The trial court sentenced Sellers concurrently to twenty-five years' imprisonment on each conviction. A person convicted of accessory before the fact "must be punished in the manner prescribed for the punishment of the principal felon." S.C. Code Ann. § 16-1-40 (2015); *see also* S.C. Code Ann. § 16-3-20(A) (2015) (stating a person convicted of murder must be punished by "a mandatory minimum term of imprisonment for thirty years"). Although Sellers was sentenced to twenty-five years' imprisonment and, thus, not to "a mandatory minimum term of imprisonment for thirty years," the legislature clearly intended one who was sentenced pursuant to the murder statute to be barred from eligibility for sentence-reduction credits. *Id.* ("No person sentenced to a mandatory minimum term of imprisonment for thirty years . . . pursuant to [section 16-3-20(A)] is eligible for parole or any early release program . . . or any other credits that would reduce the mandatory minimum term of imprisonment for thirty years . . . required by this section."); *see also Univ. of S. Cal. v. Moran*, 365 S.C. 270, 275, 617 S.E.2d 135, 138 (Ct. App. 2005) ("The cardinal rule of statutory interpretation is to determine the intent of the legislature.").

The statute's plain language indicates ineligibility for parole or sentence-reduction credits requires a person to be sentenced to "a mandatory minimum term of imprisonment for *thirty years* . . . ." § 16-3-20(A) (emphasis added); *Moran*, 365 S.C. at 276, 617 S.E.2d at 137 (stating "[t]he legislature's intent should be ascertained primarily from the plain language of the statute"). Nonetheless, permitting Sellers to manipulate the trial court's imposition of a sentence below the mandatory minimum term and receive sentence-reduction credits "would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention." *Id.* at 278, 617 S.E.2d at 139; *id.* ("The real purpose and intent of the lawmakers will prevail over the literal import of the words."). Accordingly, we find the legislature intended to bar persons sentenced under section 16-3-20(A) from eligibility for sentence-reduction credits, and the ALC did not err in affirming the Department's denial of credits.

**AFFIRMED.**

**HUFF, A.C.J., and SHORT and THOMAS, J.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.